James E. Bailey, OSB # 922008
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002
e: jbailey@byllp.com

Aron D. Yarmo, OSB # 934626
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002
e: ayarmo@byllp.com

Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
v: 503.234.7711
e: markhubert@pacifier.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZIPSLEEVE LLC,<br>An Oregon Corporation ,<br><br>      *Plaintiff,*<br>  vs.<br><br>HARDLINE PRODUCTS INCORPORATED<br>A Florida Corporation, and<br>KEVIN SCHULTE, an individual<br><br>     *Defendants*. | Case No.  3:14-CV-00842<br><br>**COMPLAINT**<br><br>**Patent Infringement,**<br>**Trade Dress Infringement,**<br>**Misappropriation of Trade Dress**<br>**State Unlawful Trade Practices**<br>**Unjust Enrichment**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

Plaintiff, Zipsleeve LLC, by their attorneys bring this action against defendants Hardline

Products Incorporated ("Hardline") and Kevin Schulte Plaintiff for:

Page 1 –COMPLAINT

- Patent Infringement; 35 U.S.C. § 271

- Trade Dress Infringement; 15 U.S.C. § 1125(a)

- Misappropriation of Trade Dress; 15 U.S.C. § 1125(a)

- State Unlawful Trade Practices; (ORS 646.605-646.656)

- Unjust Enrichment (at common law)

Plaintiff seeks to obtain permanent injunctive relief, actual and treble damages, punitive damages, attorney's fees and costs for Defendants' wrongful acts, and for Plaintiff's complaint allege as follows:

**PARTIES**

1.

Plaintiff, Zipsleeve LLC is a corporation organized and existing under the laws of the State of Oregon, having a principal place of business at 4380 SW Macadam Avenue, Suite 190, Portland, Oregon 97239, and does business under the same name.  Zipsleeve LLC has designated its registered agent for purposes of service of process as Robert R Neihaus, at 4380 SW Macadam Avenue, Suite 190, Portland, Oregon 97239.

2.

Zipsleeve LLC owns the entire right, title, and interest in U.S. Patent Number 7,119,279 (the '279 patent.) (A copy of the '279 patent is appended as EXHIBIT A.)

3.

Zipsleeve LLC is a producing entity that sells an electrical cord cover called "ZipSleeve" which embodies at least one of the claims of U.S. Patent No. 7, 199,279.  "ZipSleeve" is a cable cover intended for use as a protective cover over the ship to shore power lines used by large boats when docked.  Sales of "ZipSleeve" to date exceeds 100,000 units and have been through boating trade show presence, Zipsleeve LLC's own website, the Amazon.com website and in the

"brick and mortar" shops of the largest specialty retailer of boating supplies and accessories in the US, having over 300 stores located in 38 states, Puerto Rico and Canada. The advertisement for "ZipSleeve" can be seen at http://www.zipsleeve .com.



4.

On information and belief, Defendant Hardline is a registered profit corporation organized and existing under the laws of the State of Florida since 9/10/2013, having a principal place of business of 7766 SW Jack James Drive, Stuart, FL 34997, and has designated its registered agent for purposes of service of process as Kevin Schulte 7766 SW Jack James Drive, Stuart, FL 34997.   Hardline's owner and president is the same individual listed as the agent of service.  (EXHIBIT C)

**Page 3 –COMPLAINT**

5.

Defendant Hardline is doing business as a manufacturer, importer, distributor and retailer of boating accessories that has established a network of retailers and distributors in the United States as well as a strong internet sales presence.

6.

Hardline Products Incorporated solicits and conducts sales in the state of Oregon through the following four distinct routes:

- The on line sales segment of their internet website http://www.hardlineproducts.com;

- Any one of the 34 retailers in the State of Oregon that are listed on their website at http://www.hardlineproducts.com/Retailers.html;  (EXHIBIT B)

- Their Oregon distributor listed on their website at US Distributors at http://www.hardlineproducts.com/distlist.html, doing business as US Distributing Inc., Marine Wholesale at 7750 NE 17th Avenue, Portland, OR 97211; and

- The Amazon shopping website at http://www.amazon.com/s/ref=nb_sb_noss?url=search-alias%3Daps&field-keywords=cable+cover+zippit.

7.

On information and belief, Defendant Kevin Schulte is an individual residing in the State of Florida and can be personally contacted at 7766 SW Jack James Drive, Stuart, FL 34997, a location that he has listed under the Florida Secretary of State as his contact address in his capacity as the agent of service for Hardline Products Incorporated.  He is the owner and president of Hardline Products Incorporated.   (EXHIBIT C)

8.

On understanding and belief, Kevin Schulte has directed his company Hardline Products Incorporated to directly, indirectly or under the doctrine of equivalents, infringe the '279 patent,

and commit the acts of trade dress infringement, trade dress misappropriation and state unfair trade practices claimed above.

## JURISDICTION

### 9.

This is a civil action for patent infringement, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. § 271.   It is also a civil action for Trade Dress Misappropriation and Infringement, injunctive relief, and damages arising under the Lanham Act Act, 15 U.SC. § 1125(a). This Court has subject matter jurisdiction (federal question jurisdiction) of the claims asserted herein under 28 U.S.C. §§ 1331 and 1338(a).  The court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 as the state claim of Unlawful Trade Practices (ORS 646.608(b)) and common law claim of Unjust Enrichment are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

### 10.

This Court has in personam jurisdiction over Defendant Hardline Products Incorporated because: (a) it conducts regular business within Oregon, (b) its product "Zippit" is sold in this state, (c) it has committed acts of patent infringement in this District by offering to sell and selling articles that directly, indirectly or under the doctrine of equivalents, infringe at least one claim of the '279 patent, and (d) has caused injury to Plaintiffs in this district.  Defendant Hardline has systematic and continuous contacts with the State of Oregon and has purposefully availed itself the privilege of conducting activities in Oregon by soliciting and/or conducting business transactions in Oregon.

### 11.

This Court has in personam jurisdiction over Defendant Kevin Schulte as a president and

owner that exceeded his power and authority as an agent of Hardline Products Incorporated by engaging in illegal actions that infringed the '279 patent. These actions involve but are not limited to, the sale of infringing goods in the state of Oregon via the distribution network of Hardline Products Incorporated and/or its internet sales presence.  As such, Kevin Schulte as an individual has engaged in systematic and continuous contacts with the State of Oregon by soliciting and/or conducting business transactions in Oregon. Since his acts exceeded his power and authority as an agent of Hardline Products Incorporated, those ultra vires actions are attributable to him as an individual and cannot be attributed to or shielded by the corporate identity of Hardline Products Incorporated.

## VENUE

12.

Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) for the same reasons.  A substantial part of the acts, events and omissions giving rise to the claims asserted in this action occurred within this Judicial District.  Additionally, venue is proper because the principal place of business of Zipsleeve LLC (the patent owner) and one of the inventors is here, and many of the key documents and witnesses are located here.

## JOINDER

13.

The America Invents Act, codified at 35 U.S.C. § 299 ("Section 299") of the US Patent Act, permits joinder where the claims against the defendants arise out of "the same transaction, occurrence, or series of transactions, or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the *same accused product or process*" and "questions of fact common to all defendants or counterclaim defendants will arise in the action." (35 U.S.C. § 299(a)(1)-(2))

**Page 6 –COMPLAINT**

14.

Pursuant to statutory provisions of Section 299 of the "America Invents Act", the joinder of Hardline Products Incorporated and its president Kevin Schulte is proper because the relief sought in the present action asserted against defendants Hardline Products Incorporated and Kevin Schulte is asserted jointly or severally.  This action and arises out of the same infringing "transaction or occurrence" which is the manufacture, importation, offer to sell, or sale of the same accused product or process, namely Hardline Products Incorporated's "Zippit." This action will raise questions of fact common to both defendants.

**THE PATENT IN SUIT**

15.

On October 10, 2006, U.S. Patent No. 7, 199,279 ("the '279" patent") entitled *"Protective Sleeve"* was duly and legally issued to the assignee Zipsleeve LLC.  (A copy of the patent is attached as EXHIBIT A.)  It was acquired by assignment of the original inventors, Robert Neihaus, John E. Nemazi and Michael D. Turner at the time of the filing of the patent application on November 5, 2003.  (A copy of the patent assignment abstract of title is appended as EXHIBIT D.)  This assignment is located at Reel/Frame 014689/0730 of the United States Patent and Trademark Office ("USPTO") and was received in the USPTO in November 7, 2003 along with the original utility patent application S/N 10/746074.

16.

The '279 patent incorporates both apparatus and method claims directed at the segmentation of the sleeve into separate shorter sleeves about its longitudinal center.

17.

The '279 patent is presumed valid per 35 U.S.C. § 282(a) and all the appropriate maintenance fees of 35 U.S.C. § 41 have been paid to ensure the continued existence of the '279

patent.  (A copy of a USPTO Maintenance Fee Statement of March 20, 2014 is appended as

EXHIBIT E.)

**PLAINTIFF'S PRODUCT - "ZIPSLEEVE"**

18.

The "ZipSleeve" is a protective sleeve that is intended and advertised for the covering of

the ship to shore electrical cables that are used when a larger marine vessel is docked and has a

distinctive 2 ¼ inch, tubular, black nylon body with a separate zipper running from either of its

ends that meet at the middle of its tubular body.  The "ZipSleeve" is capable of being separated

into two shorter sleeves at its approximate midpoint and is also capable of being joined at its

distal or proximate end to another "ZipSleeve."  The phrase "Patent No. 7119279" is boldly

embroidered in yellow thread thereon either end of the separable "ZipSleeve" body.



19.

The "ZipSleeve" is sold in a blister pack with a cardboard advertising insert that bears the

phrase "Patent Number 7119279" as well as six copyright protected original artworks and two

copyright protected original photographs.



Patent No. 7119279

20.

Plaintiff's "ZipSleeve" product has a combination of several, non functional elements

including but not limited to size, shape, color, color combinations, material and texture, as well

as strap design and strap spacings that project a total image and overall appearance that functions

like a trademark to identify quality and source to the consumer. The elements that make

Plaintiff's trade dress inherently distinctive are listed in the table below.

| Plaintiff's "ZipSleeve" | | |
|---|---|---|
| **Feature** | **Specifics** | **Functionality** |
| length | 25' | No – arbitrarily chosen by P |
| diameter | 2 ¼" | No – arbitrarily chosen by P competitors use larger sleeves |
| markings | Yellow stitched Name | YES – acts as a source identifier |
| | Yellow stitched Patent # | YES – required by 35 USC § 287 |
| body material | Waterproof coated, UV | No – arbitrarily chosen by P |

| | protected Nylon | Waterproof canvas an option but $$ |
|---|---|---|
| body material denier | 1000 denier textured | No – arbitrarily chosen by P<br>Other deniers work equally as well |
| body color | black | No – P's preference only as black weathers in sun quicker than others<br>Monochromatic look unnecessary |
| Zippers | two | No – P's preference as there could have been more than 2 zippers |
| Zipper orientation | end to end | No – P's preference as zippers could be situated head to head |
| Zipper lengths | 12 ½' | No as there could have been more than 2 zippers of shorter lengths |
| Zipper material | nylon | No – P's preference only as metal or coiled nylon are good substitutes |
| Zipper teeth color | black | No – P's preference only as black weathers in sun quicker than others<br>Monochromatic look unnecessary |
| Zipper teeth size | 15 per inch | No preference of P only as 15 gauge used but 5 or 10 gauge work as well |
| Zipper backing color | black | No – P's preference only as black weathers in sun quicker than others<br>Monochromatic look unnecessary |
| Zipper backing material | not polyurethane coated | No preference of P only to save $$ and not make waterproof |
| Zipper pull color | black | No – P's preference and actually decreases visibility against sleeve<br>Monochromatic look unnecessary |
| Zipper pull | Elliptical, one hole | No – P's preference only rectangular with square hole very common |
| Zipper pull material | steel | No could be nylon, plastic etc.<br>Steel corrodes around salt water |

| | | |
|---|---|---|
| Rail straps color | black | No – P's preference only as black weathers in sun quicker than others Monochromatic look unnecessary |
| Rail straps material | Velcro™ | No – P's preference only – could substitute loops and dome fasteners |
| Rail straps length | 2" short tab, 4" long tab | No – P's preference only – equal length straps are the norm black weathers quicker than others |
| # of Rail straps | 20 | No – P's preference only – more or less straps would work |
| Rail strap spacing | 14" | No – P's preference only – they could be closer or wider w/o affect |
| Sleeve strap color | black | No – P's preference only as black weathers in sun quicker than others Monochromatic look unnecessary |
| Sleeve strap material | Velcro™ | No – P's preference only – could substitute loops and dome fasteners |
| # of Sleeve straps | 2 | Yes – the minimum number required to join other sleeves at either end |

21.

Plaintiff's trade dress is de facto functional as outlined in the table above. Very few of the "ZipSleeve's" elements and the combination of those elements, are needed to perform the functions they was intended for. Most of these elements are ornamental and not utilitarian (functional) in nature. While the "ZipSleeve" functions by zippering around a length of electrical cable with the option of being segmented into smaller lengths and to also allow for the connection of multiple "ZipSleeves" at either end to make a longer length sleeve, almost none of the discrete elements incorporated into the "ZipSleeve's" structure are necessary for the sleeve to

perform its function.   The sleeve could be 20 feet long, 4 inches in diameter, red, canvas with

three 10 gauge brown steel zippers with beige backing and a rectangular pull with a square hole

therein, and the rail straps could be canvas loops with dome fasteners or string ties.  There is a

plethora of alternate designs that could have been utilized by Defendants.  Most of Plaintiff's

element design choices were set by preference and to develop a visually strong trade dress.

22.

Plaintiff took approximately one year of testing, experimentation and prototype

development before settling on the current "ZipSleeve" configuration.  Prior configurations

included different color combinations.  The present design was accomplished with input from

competitors and consumers obtained at various different marine/boating product exhibitions.

23.

The overall design is one selected by Plaintiff to serve as an inherently distinctive trade

dress, *to wit:* a 24 foot long, 2.25 inch diameter, completely black monochromatic nylon cable

sleeve with two black zippers terminating at their top ends at the approximate middle of the

sleeve body, wherein the body has  20 rail securing two piece Velcro™ straps  along its length,

wherein these two piece straps have a unique configuration length of two and four inches.  This

creates a commercial impression separate from the embroidered trademark "ZipSleeve."

24.

Plaintiff's product embodies the functional elements of at least one of the apparatus

claims of '279 patent and is used in a manner consistent with the method claims of the '279

patent.

25.

Plaintiff has been selling their "ZipSleeve" for approximately 10 years and has made well

in excess of 100,000 sales.  This is a remarkable number when one considers that it is purchased

**Page 12 –COMPLAINT**

only by a small segment of the population –.  It has gained widespread acknowledgement with the niche consumer segment of those who have large vessels requiring shore power, and the ZipSleeve's product configuration has made its trade dress inherently distinctive because its overall appearance is unique, memorable and conceptually separate from the product so as to serve as a designator of the origin of the product.

26.

After years of stable sales numbers, Plaintiff's sales of the "ZipSleeve" has plummeted dramatically in a brief period of time.

**DEFENDANTS' PRODUCT - "ZIPPIT"**

27.

Defendants' manufacture, import, offer for sale and sell two different length versions of a cord cover called "Zippit" that directly, indirectly or under the doctrine of equivalents infringes the '279 patent.  The "Zippit" is illustrated at page 22 of the 2014 Hardline Products Catalogue available at http://www.hardlineproducts.com/downloads/2014_catalog.pdf .



28.

The Defendants' "Zippit" can also be seen at the Amazon.com website available at

http://www.amazon.com/s/ref=nb _sb_noss?url=search-alias%3Daps&fieldkeywords=cable

+cover+zippit.



29.

Defendant's "Zippit" is an intentional duplication/knockoff of Plaintiff's "ZipSleeve" in

that "Zippit" looks, feels and functions identically to "ZipSleeve". Except for Plaintiff's name

and statutorily required patent marking, the two sleeves are virtually indistinguishable. The

following illustrates a side by side comparison of the sleeves.



Sleeve Connection Straps        ZipSleeve        Body        Rail Attachment Straps
                                (Plaintiff)

30.

As shown in the following chart all of the Plaintiff's non functional, distinctive trade dress elements used to convey the quality and source of the "ZipSleeve" have been lavishly copied identically by Defendants into their "Zippit."

| Feature | Specifics | Plaintiff's "ZipSleeve" | Defendants' "Zippit" |
|---|---|---|---|
| length | Defendants' sleeve is 1" longer | 24' | 25' |
| diameter | 2 ¼" | Yes | Yes |
| markings | Yellow stitched Name | Yes | No |
| | Yellow stitched patent # | Yes | No |
| body material | Nylon | Yes | Yes |
| Body denier | 420 | Yes | Yes |
| body color | black | Yes | Yes |
| zippers | two | Yes | Yes |
| zipper shape | elliptical w round hole | Yes | Yes |
| zipper orientation | end to end | Yes | Yes |
| Zipper lengths | Defendants' zippers are 6" longer | 12' | 12 ½' |
| Zipper mat'l | nylon | Yes | Yes |
| Zipper coating | not waterproof polyurethane | Yes | Yes |
| Zipper teeth color | black | Yes | Yes |
| Zipper teeth size | 15 per inch | Yes | Yes |
| Zipper backing color | black | Yes | Yes |
| Zipper pull color | black | Yes | Yes |
| Zipper pull | Elliptical, one hole | Yes | Yes |
| Zipper pull material | steeel | Yes | Yes |
| Rail straps color | black | Yes | Yes |
| Rail straps material | Velcro™ | Yes | Yes |
| Rail straps length | 2" short tab, 4" long tab | Yes | Yes |
| # of Rail straps | 20 | Yes | Yes |
| Rail strap | 14" | Yes | Yes |

| spacing | | | |
|---|---|---|---|
| Sleeve strap color | black | Yes | Yes |
| Sleeve strap material | Velcro™ | Yes | Yes |
| # of Sleeve straps | 2 | Yes | Yes |

31.

Defendants' misappropriated the distinctive, non functional design of Plaintiff's rail

loops. Rather than having two Velcro™ straps of equal lengths, as would be the norm, Plaintiff

incorporated two unequal lengths of straps wherein one strap was two inches long and the other

strap was 4" long.



Identical rail strap
non-functional design

32.

Plaintiff also indiscriminately chose to use 20 such black rail loops spaced approximately

14" apart to secure the sleeve to a boat rail.  Other spacing and numbers would have adequately

served the purpose of holding the sleeve to the boat rails.



"ZipSleeve"

Identical rail
strap spacing

"Zippit"

33.

Plaintiff also indiscriminately chose to use 2 black zippers, approximately 12 ½ feet long

each, with a 15 gauge tooth mesh, black backing, with a black elliptical steel pull with round

hole that meet with their top ends at the approximate center of the sleeve body. Any one or

grouping of these zipper elements could be changed without affecting the function of the

"ZipSleeve."  As can be seen in the photograph, the Defendant misappropriated and copied each

and every one of these features.

/ / /

/ / /

/ / /

/ / /

/ / /

**Page 17 –COMPLAINT**



ZipSleeve  (Plaintiff)

Both cable sleeves have:

Black nylon bodies, same denier, 25" long with a zipper starting at each end and meeting in the middle of the body, having 20 black velcro rail attachment straps each spaced approximately 14" apart with a 2" short tab, and a 4" long tab, and 1 black velcro sleeve connection strap at each end.

Identical black nylon zippers with black backing and identical one hole, steel, black pulls.

Zippit (Defendants)

34.

Consumer confusion between Plaintiff's "ZipSleeve' and Defendant's "Zippit" is highly likely given that the products are visually and structurally identical. If one looks at the photograph of the two sleeves together (albeit from nonmarked side) they are indistinguishable. (Incidentally, Plaintiff's "ZipSleeve" is at the top of the photo.)  The Defendants' "Zippit" has misappropriated and bears the identical trade dress of Plaintiff's "ZipSleeve" for cord sleeves that are identically competing goods, marketed and sold in the same channels of commerce. (Namely marine and boating supply stores, websites and Amazon.)



Visually Indistinguishable

35.

Defendant was able to copy Plaintiff's trade dress with little or no cost thus achieving the benefit of Plaintiff's work and outlay of expenses, without the same himself.

36.

Defendants' identical copying of Plaintiff's "ZipSleeve" is evidence of the fact that the "ZipSleeve" has also acquired secondary meaning.   There would be no reason to identically copy Plaintiff's non functional features except to capitalize on the already existing secondary meaning of Plaintiff's trade dress.

37.

Except for the allegedly infringing knockoffs, Plaintiff would be able to continue their benefit of exclusivity in this niche market and maintain their established level of sales.

38.

Defendant's sales have injured plaintiff as the direct diversion of profits from the Plaintiff

to the Defendants or at a minimum, as the loss of royalties the Plaintiff may have charged one to use the "ZipSleeve" trade dress had Plaintiff decided to offer a license.

39.

Plaintiff's sales of "ZipSleeve" have plummeted to less than 10% of the levels which they have experienced for the last five years.

### FIRST CLAIM FOR RELIEF
### (Patent  Infringement)

40.

Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 as if set forth herein.

41.

Upon information and belief, in violation of 35 U.S.C. § 271 (a) (b) and/or (c), Defendants have infringed and continue to infringe directly, indirectly or under the doctrine of equivalents, one or more of the claims of the '279 patent.   Defendants' infringing activities in the United States include manufacture, importation, offer to sell and sales of various versions of Hardline Product Incorporated's "zippit" that infringe at least one of the claims of the '279 patent.

42.

Upon information and belief, Defendants have actively induced and currently are actively inducing others to infringe one or more claims of the '279 patent through its sale of certain cable sleeves, including Hardline Products Incorporated's cable sleeve marketed under the name "zippit."

43.

Upon information and belief, Defendants have contributorily infringed and currently are

contributorily infringing the '279 patent by its offer for sale and sale of certain cable sleeves, including Hardline Products Incorporated's cable sleeve marketed under the name "zippit."

44.

Online research, polling customers who have purchased the "Zippit" on Amazon has revealed that they do indeed cut the "Zippit" into two pieces in violation of the method claims of the '279 patent.  Screen shots of the Amazon help website feature illustrate this.





45.

Upon information and belief, defendants' infringement, inducement of infringement and contributory infringement have been and continue to be willful.

46.

As a result of defendants' actions, Zipsleeve LLC has suffered and continues to suffer substantial injury, including irreparable injury, and will result in damages to Zipsleeve LLC including loss of sales and profits, which Zipsleeve LLC would have made but for the infringement by Hardline Products Incorporated and Kevin Schulte unless they are enjoined by this Court.

47.

Defendants' acts of infringement have caused damage to Plaintiff in lost profits and/or a missing reasonable royalty for a license under Plaintiff's '279 patent.  Plaintiff is entitled to recover from Defendants damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount to adequately compensate Plaintiff, subject to proof at trial.

48.

As a consequence of the infringing activities of Defendants, regarding the '279 patent as complained of herein, Plaintiff has and will continue to suffer irreparable injury unless Defendants' infringement of the '279 patent is enjoined by this Court.

49.

Plaintiff has no adequate remedy at law.

**COUNT I**
**PATENT INFRINGEMENT**
**35 U.S.C. § 271**

50.

Plaintiff realleges and incorporates herein the preceding paragraphs  1 – 39 of this Complaint.

51.

Upon information and belief, Defendants have actively induced and currently are actively inducing others to infringe one or more claims of the '279 patent through its sale of certain "Zippit."

52.

Upon information and belief, Defendants have contributorily infringed and currently is contributorily infringing the '279 patent by its offer for sale and sale of its "Zippit."

53.

Upon information and belief, Defendant's infringement, inducement of infringement and contributory infringement have been and continue to be willful.

54.

As a result of Defendants' actions, Defendants has suffered and continues to suffer substantial injury, including irreparable injury, and will result in damages to Plaintiff including loss of sales and profits, which Plaintiff would have made but for the infringement by

Defendants unless Defendant is enjoined by this Court.

<u>**COUNT II**</u>
**TRADE DRESS INFRINGEMENT**
**(Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A))**

55.

Plaintiff realleges and incorporates herein the preceding paragraphs 1 – 39 of this Complaint.

56.

Defendants' conduct with respect to its "Zippit" product is causing, and is likely to cause confusion, mistake or deception as to the affiliation, connection or association with Hardline with Plaintiff, or as to the origin, sponsorship or approval by Plaintiff of Hardline's goods, services or commercial activities.

57.

Defendants' conduct further enables Hardline to benefit unfairly from Plaintiff's success and reputation, thereby giving Hardline commercial value it would not otherwise have.

58.

Defendants' conduct has further diminished and will continue to diminish plaintiff's ability to control the consumer perception of the "ZipSleeve" placing the valuable reputation and goodwill of Plaintiff in the hands of Hardline, over whom it has no control.

59.

These acts constitute unfair competition, trade dress infringement, trade dress misappropriation, patent infringement and unjust enrichment and as a result of this conduct, the Plaintiff has suffered damages and irreparable harm. Unless Defendants' actions are enjoined by this Court under 15 U.S.C. §1116 or as otherwise provided by law, Plaintiff will continue to

suffer irreparable harm.

60.

Defendants' intent can only be characterized as intentional, and willfully and wantonly malicious.  Their knowledge of Plaintiff's trade dress rights, their reckless disregard for the likely confusion caused by their acts, and their conduct described herein renders this case exceptional under 15 U.S.C. 1117(a), entitling Plaintiff to Defendants' profits, treble damages and an award of costs and reasonable attorney's fees.

**COUNT II**
**TRADE DRESS MISAPPROPRIATION**
**(Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A))**

61.

Plaintiff realleges and incorporates herein the preceding paragraphs  1 – 39 of this Complaint.

62.

Defendants' conduct with respect to its "Zippit" product is causing, and is likely to cause confusion, mistake or deception as to the affiliation, connection or association with Hardline with Plaintiff, or as to the origin, sponsorship or approval by Plaintiff of Hardline's goods, services or commercial activities.

63.

Defendants' conduct further enables Hardline to benefit unfairly from Plaintiff's successful trade dress which Plaintiff has expended much time, money and effort developing, thereby giving Hardline commercial value it is not legally entitled to and would not otherwise have.

64.

Defendants' conduct has further diminished and will continue to erode Plaintiff's sales as well as the valuable trade dress Plaintiff

65.

These acts constitute unfair competition, trade dress infringement, trade dress misappropriation, patent infringement and unjust enrichment and as a result of this conduct, the Plaintiff has suffered damages and irreparable harm.  Unless Defendants' actions are enjoined by this Court under 15 U.S.C. §1116 or as otherwise provided by law, Plaintiff will continue to suffer irreparable harm.

66.

Defendants' intent can only be characterized as intentional, and willfully and wantonly malicious.  Their knowledge of Plaintiff's trade dress rights, their reckless disregard for the likely confusion caused by their acts, and their conduct described herein renders this case exceptional under 15 U.S.C. 1117(a), entitling Plaintiff to Defendants' profits, treble damages and an award of costs and reasonable attorney's fees.

## COUNT IV
## STATE UNLAWFUL TRADE PRACTICES
### (ORS 646.605-646.656)

67.

Plaintiff realleges and incorporates herein the preceding paragraphs  1 – 39 of this Complaint.

68.

The conduct alleged herein constitutes a violation of the Oregon Unlawful Trade Practices Act in that such conduct causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of real estate, goods or services.

69.

As a result of Defendants' willful conduct, Plaintiff has suffered damages and irreparable harm.  Unless the Court enjoins Defendants' conduct under ORS 646.638(b) or as otherwise provided by law, Plaintiff will continue to suffer irreparable harm.

## COUNT V
## UNJUST ENRICHMENT

70.

Plaintiff realleges and incorporates herein the preceding paragraphs  1 – 39 of this Complaint.

71.

Defendants received the benefit of the significant time, marketing and effort expended to create and develop the ZipSleeve product, goodwill and market.

72.

Defendants knowingly and intentionally misappropriated/copied every aspect of the "Zippit" and blatantly misappropriated/copied every single aspect of the trade dress associated with Plaintiff's distinctive "ZipSleeve" presentation of his patented invention.

73.

It would be unjust to allow Defendants. to retain the above-mentioned illegally obtained benefits."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests and prays that this Court enter judgment in its favor against Defendant and grant the following relief:

A.    A judgment declaring that Defendant's conduct has:

- infringed, actively induced  others to infringe, and/or contributorily infringed at

least one of the claims of the '279 patent in violation of 35 U.S.C. § 271(a), (b) and/or (c), or under the Doctrine of Equivalents;

- infringed the "ZipSleeve's" trade dress in violation of 15 U.S.C. § 1125(a)(1)(B);

- misappropriated the "ZipSleeve's" trade dress in violation of 15 U.S.C. § 1125(a)(1)(B);

- engaged in unfair business practices in violation of ORS 646.638(b);

- resulted in the unjust enrichment of Defendants

B.    A judgment that Defendant's conduct in the acts above with regard to the infringements of the claims of the '279 patent and the infringement of the "ZipSleeve" trade dress have been willful and wanton;

C.    Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns and all others in active concert or participation with them, from any further acts of infringement, of the '279 patent or the trade dress of the "ZipSleeve";

D.    An order and judgment requiring the Defendants to deliver to the Plaintiff for destruction of "Zippit" or any product that is the same or identical to the "Zippit" and all equipment , tooling ot other means  of making the "Zippit", and that Defendants be required to reall all such products that it has delivered, shipped or otherwise provided to any distributors, retailers or third parties and refund any monies paid for such products;

E.    An order pursuant to 35 U.S.C. § 284, awarding Plaintiff damages adequate to compensate Plaintiff for Defendants' unlawful conduct as outline above, in an amount to be proven at trial,

F.    An order pursuant to 35 U.S.C. § 284, and15 U.S.C. § 1117 and based on Defendants' willful and wanton infringements of the '279 patent and infringement of the

"ZipSleeve's" trade dress rights, trebling all damages awarded to Plaintiff;

G.    An order, pursuant to 35 U.S.C. § 284, awarding to Plaintiffs pre-judgment interest on the damages and their costs incurred in this action;

H.    That this case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling Plaintiffs to an award of reasonable attorney fees and that such reasonable attorney fees be awarded;

I.    That Defendants be required to file with the Court within thirty (30) days after entry of final judgment in this case, a written statement under oath setting fourth the manner in which defendant has complied with the final judgment;

J.    Awarding Plaintiffs such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all claims where it is so entitled, pursuant to FRCP 38(b).

DATED this 22nd day of May 2014.

s/James E. Bailey_____
James E. Bailey, OSB # 922008
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002    e: jbailey@byllp.com

s/Aron D. Yarmo_____
Aron D. Yarmo, OSB # 934626
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002    e: ayarmo@byllp.com

s/Mark S. Hubert_____
Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
v: 503.234.771 e: markhubert@pacifier.com